863 So.2d 1242 (2004)
John Q. GIDDENS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2349.
District Court of Appeal of Florida, Fifth District.
January 2, 2004.
*1243 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
John Q. Giddens appeals his conviction for failure to report a change in address pursuant to the sexual offender registration requirements.[1] We reverse the conviction and remand.
On 21 December 1995, Giddens pleaded guilty in Tennessee to one count of attempted aggravated sexual battery. He was given a suspended six-year sentence, and was placed on probation for six years. In March 2000, Giddens registered as a sexual offender in Florida. He obtained a Florida identification card as required by section 943.0435(3)(a), Florida Statutes, but failed to check the box on his application that would have indicated that he was a sexual offender. However, in December 2000, Giddens completed an application for a duplicate Florida identification card and indicated that he was a sexual offender.
Subsequently, Giddens was arrested for failure to report his address change as required by section 943.0435(4), Florida Statutes.[2] Several court-ordered mental evaluations were conducted on Giddens to determine his competency. One of the appointed psychologists, Dr. Patrick Ward, found that Giddens had an I.Q. of 66 and was functionally illiterate.
Giddens pleaded no contest to failing to report his change of address and to violating the terms of probation imposed for prior Florida crimes. Giddens preserved for appeal the issue whether the crime of failure to register a change of address has a knowledge element. The court adjudicated Giddens guilty, concluding that the crime was one of strict liability:
And I want to state for the record, if it does go, that I do find that he has a mental disability and that I do not believe that he intentionally failed to register and this is not a guilty plea, this is a no contest plea because he wants to get out of jail. And I'm saying this for the benefit of the judge who does review this if it comes to that.
And, I don't believe that this defendant intentionally violated that law because of his lack of mental ability to understand the requirements of filing.
In Giorgetti v. State, 821 So.2d 417 (Fla. 4th DCA 2002), rev. granted, 837 So.2d 412 (Fla.2003), the district court held that the trial court erred in giving a special jury instruction absolving the state of the burden to prove guilty knowledge, scienter, or mens rea in a prosecution for violating sexual offender registration requirements. Id. at 422. The Fourth District pointed out that in Chicone v. State, 684 So.2d 736 *1244 (Fla.1996), the supreme court stated that courts should not interpret a statute defining a felony offense to dispense with mens rea. Id. The Fourth District concluded that despite the legislature's failure to include an intent requirement in the statutory text, case law required courts to read a "broadly applicable" intent requirement into the state's burden of proof. Id. The court certified the following question to the Florida Supreme Court:
Does Chicone [v. State, 684 So.2d 736 (Fla.1996) ] apply to the crime created by the sexual offender registration statutes and thus compel the court to presume a scienter or mens rea requirement even though the statutory text fails to contain an explicit requirement of such guilty knowledge?
We agree with the reasoning in Giorgetti and conclude that section 943.0435(4) includes a knowledge element. Accordingly, the trial court erred in ruling otherwise. Because our conclusion is dispositive of this appeal, we will not address the other issues that Giddens raises. However, we note that this court has previously held that sexual offender registration requirements do not violate the ex post facto clause or procedural due process. See Johnson v. State, 795 So.2d 82 (Fla. 5th DCA 2000); see also Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (holding that retroactive application of Alaska's sexual predator registration requirements did not violate the ex post facto clause); see also Connecticut Dep't of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003) (holding that due process clause does not entitle sexual offenders to a hearing to determine if they are currently dangerous).
We certify the question certified in Giorgetti to the Florida Supreme Court.
REVERSED and REMANDED FOR FURTHER PROCEEDINGS.
PLEUS and TORPY, JJ., concur.
NOTES
[1] Section 943.0435(4), Florida Statutes, requires:

Each time a sexual offender's driver's license or identification card is subject to renewal, and within 48 hours after any change in the offender's permanent or temporary residence or change in the offender's name by reason of marriage or other legal process, the offender shall report in person to a driver's license office, and shall be subject to the requirements specified in subsection (3)....
[2] Section 943.0435(9), Florida Statutes, states:

A sexual offender who does not comply with the requirements of this section commits a felony of the third degree....