[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 5, 2008
THOMAS K. KAHN
CLERK

No. 08-10288

D. C. Docket No. 06-00110 CV-ORL-28-KRS

RAYMOND HOUSTON,

Plaintiff-Appellant,

versus

GAY N. WILLIAMS,
In her official capacity as Executive Director of
the Brevard County Weatherization Program,
BREVARD COUNTY,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(November 5, 2008)**

Before DUBINA, HULL and FAY, Circuit Judges.

DUBINA, Circuit Judge:

Appellant Raymond Houston appeals the district court's grant of summary judgment in favor of the defendants, Gay N. Williams and Brevard County, which upheld the defendants' rejection of Houston's application for weatherization assistance. More specifically, Houston disagrees with the district court's rejection of his claims that: (1) the Energy Conservation and Production Act provides for a federal right enforceable under 42 U.S.C. § 1983; (2) the Brevard County Weatherization Assistance Program Policy violates the Equal Protection Clause of the United States Constitution; (3) the Brevard County Weatherization Assistance Program Policy amounts to a bill of attainder; and (4) the Brevard County Weatherization Assistance Program Policy is an ex post facto law. For the reasons that follow, we affirm the district court's grant of summary judgment for the defendants.

## I. BACKGROUND

Congress enacted the Energy Conservation and Production Act ("the Act"), 42 U.S.C. §§ 6851–6873 (2000), to provide financial assistance to low income persons for energy conservation measures. The U.S. Department of Energy, in 10 C.F.R. § 440.22 (2008), established the sole federal criteria for assistance eligibility. That provision states that a dwelling unit is eligible for weatherization assistance if it is occupied by a family whose income is at or below 125% of the

2

poverty level or contains a member who, in the preceding year, received cash assistance payments under the Social Security Act.  10 C.F.R. § 440.22(a)(1)(2).

Pursuant to the Act, the State of Florida receives federal funds as a grantee and, in turn, awards funds to subgrantees throughout the state.  One such subgrantee is the Brevard County Weatherization Program.  Receiving only $50,076 in federal funds, the Brevard County Board of County Commissioners adopted additional eligibility requirements for weatherization assistance.  The county's "Weatherization Assistance Program Policy" ("the Policy"), HS-012, makes ineligible any applicant

> who must register with the Brevard County Sheriff's Office or the Florida Department of Law Enforcement under Florida Statute 775.13 as a person convicted of a felony [. . .] or [a]ny person listed by the Florida Department of Law Enforcement as a sexual predator or sexual offender as provided for under Florida Statutes.

*Houston v. Brevard County*, No. 6:06-cv-110, Or. 3 (M.D. Fla. filed Dec. 19, 2007) (quoting Letter from Brevard County to Pl., June 30, 2005, Ex. 1 to Doc. 24.).

Houston is a convicted felon and listed sex offender. Despite meeting federal eligibility requirements, the defendants rejected Houston's application for weatherization assistance under the Policy because of his criminal history.

Houston argued to the district court, and argues now on appeal, that the Policy's ineligibility standards based on sex-offender status violate both his right to seek assistance under the Act and the Department of Energy's eligibility requirements. Houston brings his challenge under 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The defendants contend that the Act does not create federal rights enforceable under 42 U.S.C. § 1983.

Additionally, Houston claims that the Policy violates the Equal Protection Clause of the U.S. Constitution and that the Policy amounts to a bill of attainder

4

and an ex post facto law, in violation of the Florida and U.S. Constitutions. The defendants maintain that the Policy is a rational means of allocating limited weatherization funding.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the non-moving party. *Arrington v. Helms*, 438 F.3d 1336, 1341 (11th Cir. 2006). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Cruz v. Publix Super Mkts, Inc.,* 428 F.3d 1379, 1382 (11th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)).

## III. DISCUSSION

A. *Federal Right Enforceable Under 42 U.S.C. § 1983*

This appeal presents the question of whether 42 U.S.C. § 6861(b) creates rights enforceable under 42 U.S.C. § 1983, which provides a federal remedy for violations of the U.S. Constitution and certain federal statutes. *Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502 (1980). Although this is a case of first impression with regard to 42 U.S.C. § 6861(b), this court has held that three requirements

5

must be met before a federal statute will be read to confer an individual right under § 1983: (1) Congress must have intended that the provisions in question benefit the plaintiff; (2) the plaintiff must demonstrate that the right assertedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial resources; and (3) the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

*31 Foster Children v. Bush*, 329 F.3d 1255, 1269 (11th Cir. 2003) (citing *Blessing v. Freestone*, 520 U.S. 329, 340–41, 117 S. Ct. 1353, 1359 (1997)).

The Supreme Court has made clear that "anything short of an unambiguously conferred right to support a cause of action brought under § 1983" is insufficient. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283, 122 S. Ct. 2268, 2275 (2002). Particularly with respect to legislation enacted pursuant to Congress's spending power, Congress must "'speak[] with a clear voice,' and manifest[] an 'unambiguous' intent to confer individual rights" before federal funding provisions will be read to provide a basis for private enforcement. *Id*. at 280, 122 S. Ct. at 2273 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17, 28 & n.21, 101 S. Ct. 1531, 1540, 1545 & n.21 (1981)). "In legislation enacted pursuant to the spending power, the typical remedy for state

noncompliance with federally imposed conditions is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State." *Pennhurst*, 451 U.S. at 28, 101 S. Ct. at 1545.

Houston first argues that the combined language of 42 U.S.C. §§ 6861(b) and 6863(a) creates an enforceable right. Section 6861(b) states that:

> the purpose of this part [is] to develop and implement a weatherization assistance program to increase the energy efficiency of dwellings owned or occupied by low-income persons, reduce their total residential energy expenditures, and improve their health and safety, especially low-income persons who are particularly vulnerable such as the elderly, the handicapped, and children.

42 U.S.C. § 6861(b).

Section 6863(a) states that:

> The Secretary [of Energy] shall develop and conduct, in accordance with the purpose and provisions of this part, a weatherization program. In developing and conducting such program, the Secretary may, in accordance with this part and regulations promulgated under this part, make grants . . . to States . . . . Such grants shall be made for the purpose of providing financial assistance with regard to projects designed to provide for the

7

weatherization of dwelling units, particularly those where elderly or handicapped low-income persons reside, occupied by low-income families. 42 U.S.C. § 6863(a) .

Houston argues that the language above limits the class of persons who may receive funding, and because he is a member of that class, he satisfies the first prong of *Blessing*. We, however, do not agree that the language of the provisions cited by Houston has "the kind of focused-on-the-individual, rights-creating language required by *Gonzaga*." *See 31 Foster Children*, 329 F.3d at 1272. The language is not the "unambiguous" statement of congressional intent that Supreme Court precedent demands. *See Pennhurst*, 451 U.S. at 17, 101 S. Ct. at 1540. Instead, these sections of the Act are merely a statement of Congressional purpose describing the general zone of interest the statute is intended to protect.

Houston further relies on the "Definitions" section of the Act, 42 U.S.C. § 6862, which defines the terms "low-income," "elderly," and "handicapped." Houston argues that Congress intended for these three terms to be the only criteria for eligibility. The case law of this circuit does not support such an argument. Because the terms in 42 U.S.C. § 6862 are "definitional in nature, they alone cannot and do not supply a basis for conferring rights enforceable under § 1983." *See 31 Foster Children*, 329 F.3d at 1271. Thus, none of the three statutory

provisions Houston cites contains the necessary "rights-creating language." *See id.* at 1272.

While 42 U.S.C. § 6870 provides an enforcement mechanism against discrimination, it is a general one, and a fair reading of the section establishes that Congress did not intend to create a private right of action for individuals denied weatherization assistance. Under 42 U.S.C. § 6870(b), Congress gave the Secretary of Energy, not individuals, the right to take action against a state for non-compliance. 42 U.S.C. §§ 6862(1), 6870(b). Furthermore, 42 U.S.C. §§ 6868 and 6869 provide administrative and judicial review procedures for states that are dissatisfied with the Secretary's decisions. These sections make no mention of review procedures for individual homeowners, and do not grant individuals a right to sue under 42 U.S.C. § 1983.

Houston lastly argues that the defendants are limited to the eligibility requirements and prioritization schedule set forth in 10 C.F.R. § 440.22. As the district court reasoned, however, if the Act does not create an enforceable individual right under 42 U.S.C. § 1983, then neither do regulations promulgated pursuant to the Act. *See Harris v. James*, 127 F.3d 993, 1009 (11th Cir. 1997) ("[I]f the regulation defines the content of a statutory provision that creates no federal right under the three-prong test, or if the regulation goes beyond

9

explicating the specific content of the statutory provision and imposes distinct obligations in order to further the broad objectives underlying the statutory provision, we think the regulation is too far removed from Congressional intent to constitute a 'federal right' enforceable under 42 U.S.C. § 1983."). This court's precedent simply does not support Houston's assertion that a federal right can be derived solely from the regulations promulgated under the Act.

Accordingly, we hold that 42 U.S.C. §§ 6861(b) and 6863(a) do not create a federal right enforceable under 42 U.S.C. § 1983 and affirm the district court's order granting summary judgment to the defendants.

B. *Equal Protection*

Houston argues that the Policy's categorical exclusion of sex offenders and convicted felons lacks any rational basis, is completely unrelated to the express purpose of the federal weatherization assistance program, and was enacted out of animus toward a specific class of individuals, thus violating his equal protection rights. Because Houston does not claim to be a member of a suspect class and does not allege a burden on a fundamental right, the question of whether the Policy violates equal protection is subject to rational basis review. *Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 457–58, 108 S. Ct. 2481, 2487 (1988). Rational basis review in equal protection analysis "is not a license for courts to

10

judge the wisdom, fairness, or logic of legislative choices." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313, 113 S. Ct. 2096, 2100–01 (1993); *see also Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). Nor does it authorize "the judiciary [to] sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines." *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S. Ct. 2513, 2517 (1976). Policy determinations "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320, 113 S. Ct. 2637, 2642 (1993). Furthermore, a legislative body like the Brevard County Board of County Commissioners need not "actually articulate at any time the purpose or rationale supporting its classification." *See Nordlinger v. Hahn*, 505 U.S. 1, 15, 112 S. Ct. 2326, 2334 (1992). Instead, the policy determination "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Beach Commc'ns*, 508 U.S. at 313, 113 S. Ct. at 2101. For these reasons, the Policy is accorded a strong presumption of validity.

This court, among others, has held that denying convicted felons certain entitlements does not violate the Equal Protection Clause. *See, e.g., Johnson v.*

11

*Governor of Fla.*, 405 F.3d 1214, 1226–1227 (11th Cir. 2005) (finding no equal protection violation in denying convicted felons the right to vote); *Turner v. Glickman*, 207 F.3d 419, 424–25 (7th Cir. 2000) (finding no equal protection violation to deny convicted felons federal food-stamp program benefits); *Butler v. Apfel*, 144 F.3d 622, 625 (9th Cir. 1998) (finding no equal protection violation to deny convicted felon his social security retirement benefits while incarcerated). Likewise, we conclude that the conservation of funds constitutes a rational basis on which to deny assistance to convicted felons and sex offenders. Here, the record shows that Brevard County receives $50,076 to allocate to its low-income citizens, and the Policy prioritizes awards of assistance by excluding convicted felons and registered sex offenders. Thus, we conclude that Houston's Equal Protection claim has no merit.

### C. *Unlawful Bill of Attainder*

The U.S. Constitution provides that "[n]o Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468, 97 S. Ct. 2777, 2803 (1977). Houston argues that the Policy singles out ascertainable members of a group who alone are subject

to its provisions and inflicts punishment on them without judicial action, and thus, the Policy is an unlawful bill of attainder under the U.S. and Florida Constitutions. We hold that the district court correctly determined that the Policy neither determined guilt nor inflicted punishment on Houston and was therefore not a bill of attainder. As discussed above, the Policy furthers the non-punitive goal of allocating resources, and no intent to punish can be established from the record. Because this claim has no merit, we affirm the district court's order granting summary judgment on this issue.

D. *Invalid Ex Post Facto Law*

Similarly, Houston argues that the Policy, as applied to persons required to register as sex offenders, amounts to punishment beyond the criminal sanctions that led to the registration, and thus, the Policy is an ex post facto law in violation of the U.S. and Florida Constitutions. The district court correctly found that Houston's denial of weatherization assistance was not penal in nature. The underlying sex offender registration statute is not punitive, but rather regulatory, and therefore does not violate the ex post facto clause. *See Smith v. Doe*, 538 U.S. 84, 105–106, 123 S. Ct. 114, 1154 (2003) (holding that Alaska's Sex Offender Registration Act did not violate the ex post facto clause)*; Giddens v. State*, 863

13

So. 2d 1242, 1244 (Fla. Dist. Ct. App. 2004).  Thus, Houston's argument is without merit.

## IV. CONCLUSION

Because Houston is not entitled to relief on his claims, we affirm the district court's order granting summary judgment in favor of the defendants.

**AFFIRMED.**