[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 05, 2010
JOHN LEY
CLERK

No. 09-11939
Non-Argument Calendar
_____

D. C. Docket No. 06-01123-CV-S-

NAOMI MCCRAY,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,
WAL-MART STORES EAST, L.P.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 5, 2010)

Before BLACK, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Naomi McCray, a black female, appeals pro se following the entry of final judgment in favor of Wal-Mart, her former employer, on her discrimination and retaliation claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a), 3(a), and 42 U.S.C. §§ 1981, 1983. In her complaint, McCray alleged her termination was a result of racial discrimination and retaliation against her opposition to discrimination. McCray included a number of other allegations, including: discriminatory pay, discipline, training, and promotions; discriminatory and retaliatory scheduling; and a racially hostile work environment. We address the district court's grant of summary judgment against each of McCray's claims in turn.[1] After review, we affirm the district court.

I.

McCray contends the district court erred in granting summary judgment against her claims for discriminatory and retaliatory termination. We review a district courts' order granting summary judgment de novo, and view all of the facts in the record in the light most favorable to the non-moving party, drawing all inferences in her favor. *Houston v. Williams*, 547 F.3d 1357, 1361 (11th Cir.

[1] In her initial brief, McCray failed to challenge any issues with respect to the district court's entry of partial judgment on the pleadings, and also failed to challenge the court's entry of summary judgment with respect to her claims for discriminatory training and promotions. McCray has therefore abandoned those challenges, and we will not address them. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.), *cert. denied*, 129 S. Ct. 74 (2008).

2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Allmond v. Akal Sec., Inc.*, 558 F.3d 1312, 1316 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1139 (2010).

Both § 1981 and Title VII "are subject to the same standards of proof and employ the same analytical framework." *Bryant v. Jones*, 575 F.3d 1281, 1296, n.20 (11th Cir. 2009). When a claim involves circumstantial evidence of discrimination, the district court analyzes the case using the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). Under *McDonnell Douglas*, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his prima facie case. *Id.* at 1824.

To make out a prima facie case for disparate treatment in a race discrimination case, the plaintiff can show that: "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job." *Burke-Fowler*, 447

3

F.3d at 1323. Termination is an adverse employment action. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006).

In order to establish a prima facie case for retaliation, a claimant generally must show: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity, and (3) there was a causal relation between the events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001); *Burlington N. and Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2409 (2006). A plaintiff may satisfy the causation element by showing that the protected activity and the adverse action were not "completely unrelated." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Although a close temporal proximity can be sufficient to show a causal relationship, "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Id.* Even if temporal proximity would otherwise be sufficient evidence, however, an exception lies when there is "unrebutted evidence that the decision maker did not have knowledge that the employee engaged in protected conduct." *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

McCray has not made a prima facie case for discriminatory termination because she has identified no evidence indicating that Wal-Mart treated employees of other races who were confronted with evidence of theft any differently. She likewise has not established a prima facie case for retaliatory termination because she has pointed to no evidence indicating that her termination was related to her participation in a protected activity. Although McCray claims to have complained of racial discrimination in 1997 and 2001, such complaints are too far removed from McCray's termination to satisfy causation, and there is no indication that Wal-Mart knew of McCray's complaints.

## II.

McCray next challenges the district court's dismissal of her claims for discriminatory pay, discipline, and scheduling, as well as her claim for retaliatory scheduling. Under 28 U.S.C. § 1658(a), "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." Subsequent to *Jones v. R.R. Donnelley & Sons Co.*, 124 S. Ct. 1836, 1845–46 (2004), this four-year statute of limitations applies to employment discrimination actions arising under § 1981. To the extent the factual bases for McCray's claims concerned events that occurred prior to 2002, they were thus time-barred.

5

A plaintiff asserting a discrimination claim must demonstrate that she suffered an adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970–71 (11th Cir. 2008). An adverse employment action may be an ultimate employment decision, such as "termination, failure to hire, or demotion." *Id.* at 970. "[C]onduct falling short of an ultimate employment decision must, in some substantial way, alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee." *Id.* (citations omitted).

"When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1273 (11th Cir. 2004). In the context of a wage discrimination claim, a plaintiff must show that the employer pays different wages to employees of different races "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1018 (11th Cir. 1994) (quotation omitted).

The district court did not err by dismissing McCray's claims relating to her pay, scheduling, and discipline. McCray has not established a prima facie case for

6

discriminatory pay because she has failed to demonstrate the white employees to which she compared herself were similarly situated. She also has not made a prima facie case for discriminatory or retaliatory scheduling because she has not shown that similarly-situated employees of other races received better schedules or that she engaged in statutorily protected activity. Further, McCray has failed to establish a prima facie case for discriminatory discipline because she has not shown that any of the discipline she suffered constituted an adverse employment action.

III.

Finally, McCray asserts the district erred in granting summary judgment against her hostile work environment claim. To establish a claim for a hostile work environment, an employee must show: "(1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible." *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008) (citation omitted). The severe or pervasive element has "both an objective and subjective component." *Id.* (citation omitted).

"In determining the objective element, a court looks to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (citations omitted).

McCray has not alleged the events she describes adversely affected her work performance, occurred frequently, or were physically threatening or humiliating. She has also failed to point to any evidence indicating these events were motivated by her race. McCray therefore has not established a claim for a racially hostile work environment.

IV.

The district court did not err by granting summary judgment against McCray's discrimination, retaliation, and harassment claims.[2] Accordingly, we affirm.

**AFFIRMED.**

---

[2] Even if we assume McCray made out a prima facie case on any of these claims, Wal-Mart advanced legitimate, nondiscriminatory reasons for each, and McCray has not rebutted any of these reasons as pretextual.