[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10606
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00098-MMH-TEM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY MANDELL GORDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 15, 2010)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Troy Mandell Gordon appeals his 60-month mandatory minimum sentence

following convictions for conspiring to manufacture over 5 grams of cocaine base,

in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and for manufacturing with intent to distribute, and aiding and abetting in the manufacture and distribution of, cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. On appeal, he argues that the district court erred in determining that it lacked the authority to sentence him below the statutory minimum sentence because his sentence was unreasonable and violated 18 U.S.C. § 3553(a). After thorough review, we affirm.

We review the legality of a criminal sentence de novo. United States v. Castaing-Sosa, 530 F.3d 1358, 1360 n.3 (11th Cir. 2008). Additionally, the constitutionality of a statute is a question of law that is reviewed de novo. United States v. Cespedes, 151 F.3d 1329, 1331 (11th Cir. 1998).

Under 18 U.S.C. § 3553(a), a court "shall impose a sentence sufficient, but not greater than necessary" to comply with the purposes set forth in the statute. 18 U.S.C. § 3553(a). Pursuant to 21 U.S.C. § 841(b)(1)(B), a conviction for manufacturing 5 grams or more of cocaine base carries a statutory minimum sentence of 5 years, and maximum sentence of 40 years, in prison. 21 U.S.C. § 841(b)(1)(B) (2009). In the Fair Sentencing Act of 2010, Congress raised the threshold required to trigger the 5-year statutory minimum sentence for cocaine base from 5 grams to 28 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(b), 124 Stat. 2372 (2010). It also

eliminated the mandatory minimum for simple possession of crack cocaine. Fair Sentencing Act of 2010 § 3.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we have held that district courts remain bound by statutes designating mandatory-minimum sentences. Castaing-Sosa, 530 F.3d at 1362. Noting that Booker made advisory the Sentencing Guidelines, but not mandatory minimums enacted by Congress, we held that Booker's instruction that district courts must consider the § 3553(a) factors in fashioning a reasonable sentence does not authorize using those factors to impose a sentence below an applicable statutory minimum. Id. Additionally, we have directly held that the mandatory minimum sentencing provisions of § 841(b)(1) do not violate due process by depriving defendants of individualized sentencing proceedings because they merely establish the minimum and maximum number of years to which a defendant may be sentenced. United States v. Holmes, 838 F.2d 1175, 1177 (11th Cir. 1988). We have also held that the mandatory minimum sentencing provisions of § 841(b)(1) do not deprive defendants of their Sixth Amendment right to assistance of counsel, or violate the Eighth Amendment prohibition against cruel and unusual punishment or the separation of powers doctrine. Id. at 1178.

The Supreme Court has held that the crack cocaine guidelines, like other guidelines, are merely advisory, and that district courts have the discretion to vary from those guidelines pursuant to § 3553(a) if they result in a sentence greater than necessary to achieve § 3553(a)'s purposes. Kimbrough v. United States, 552 U.S. 85, 107-09 (2007). And in Spears v. United States, the Supreme Court affirmed that its holding in Kimbrough recognized that district courts have the authority to vary from the crack cocaine guidelines based on a policy disagreement with those guidelines, and do not need to make an individualized determination that they produce an excessive sentence in a particular case. 129 S.Ct. 840, 842-43 (2009).

The U.S. Constitution provides that "[n]o Bill of Attainder or ex post facto law shall be passed." U.S. Const. art. I, § 9, cl. 3. "A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Houston v. Williams, 547 F.3d 1357, 1364 (11th Cir. 2008) (internal quotations and citation omitted).

Gordon concedes that his argument that the district court had the authority to impose a sentence below the statutory minimum is foreclosed by our precedent, as is his claim that his mandatory-minimum sentence is unconstitutional. Castaing-Sosa, 530 F.3d at 1362. While Gordon argues that the Sixth Amendment and the § 3553(a) factors have been strengthened since we last addressed that issue, he does not cite any

4

new precedent or changes in the law to support this contention. Furthermore, the changes in crack cocaine sentencing pursuant to the recent Fair Sentencing Act of 2010, even if applied to Gordon, would not have changed his statutory minimum sentence because he was convicted of a manufacturing offense involving 33 grams of cocaine base, which remains over the new 28-gram threshold required to trigger a 5-year mandatory minimum sentence under § 841(b)(1)(B). Fair Sentencing Act of 2010 § 2(b). We therefore follow our precedent and hold that § 3553(a) did not give the district court the discretion to impose a sentence below Gordon's five-year statutory minimum sentence. Castaing-Sosa, 530 F.3d at 1362.

Moreover, the district court was not required to apply the cocaine guidelines in place of the cocaine base guidelines. Although Kimbrough and Spears give district courts the authority to vary from the crack cocaine guidelines ratio, they do not require that district courts do so. Notably, the district court stated at sentencing that the five-year minimum sentence complied with the statutory purposes of sentencing reflected in § 3553(a), and Gordon has offered no legal basis to show that the district court's assessment was incorrect on the facts of this case.

Finally, as for his claim that requiring his sentence to conform to the statutory minimum violates the constitutional prohibition against bills of attainder, there is no plain error since the statutory minimum sentence in 21 U.S.C. § 841(b)(1)(B), which

does not itself determine the guilt of or inflict punishment upon any identifiable individual, is not a bill of attainder.[1]

**AFFIRMED.**

---

[1] Because Gordon raises this argument for the first time on appeal, we review it only for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). To establish plain error, Gordon "must show that there is (1) error (2) that is plain and (3) that affect[s] substantial rights." United States v. Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003) (internal quotations omitted). If those conditions are met, we have discretion to address the forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Error is not plain in the "absence of any controlling precedent." Id. at 1291.