[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

No. 10-13440
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cv-22916-JEM

ELROY A. PHILLIPS,

Plaintiff-Appellant,

versus

BRIAN SMITH,
DEA Agent, in his individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 10, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Elroy Phillips, a federal prisoner proceeding pro se, appeals following the district court's grant of summary judgment to a government law enforcement agent in the present suit, filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971), alleging an intentional Fifth Amendment deprivation of his property and alleging a conversion claim under Florida law that was dismissed without prejudice. He asserts that Brian Smith, a Drug Enforcement Agency ("DEA") Special Agent, intentionally deprived him of property that was seized during his arrest on drug charges and the subsequent search of his residence. On appeal, he argues: (1) that the district court improperly granted summary judgment to Smith because his intent was in dispute; (2) that the district court violated Fed. R. Civ. P. 72 by failing to consider his objections to the magistrate's report and recommendation; and (3) for the first time, that the district court improperly dismissed his state law conversion claim when it properly rested upon federal diversity jurisdiction. After thorough review, we affirm in part, and dismiss in part.

We review a district court's order granting summary judgment de novo, and view all of the facts in the record in the light most favorable to the non-moving party, drawing inferences in his favor. Houston v. Williams, 547 F.3d 1357, 1361 (11th Cir. 2008). We can affirm a grant of summary judgment on any basis supported by the record. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001). We

2

review our jurisdiction <u>sua sponte</u> and <u>de novo</u>. <u>United States v. Lopez</u>, 562 F.3d 1309, 1311 (11th Cir. 2009) (citations omitted). We review a district court's determination that it lacks subject matter jurisdiction <u>de novo</u>. <u>Sinaltrain v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009).

First, we are unpersuaded by Phillips's claim that the district court improperly granted summary judgment to Smith. Summary judgment requires the movant to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). If the movant satisfies the burden of production, showing that there is no genuine issue of fact, then "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." <u>Shiver v. Chertoff</u>, 549 F.3d 1342, 1343 (11th Cir. 2008) (citation and quotation omitted). "In reviewing motions for summary judgment, neither we nor the district court are to undertake credibility determinations or weigh the evidence." <u>Tana v. Dantanna's</u>, 611 F.3d 767, 775 n.7 (11th Cir. 2010) (alteration, citation, and quotation omitted). The nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is "merely colorable" or "not significantly probative." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986). The nonmoving party must provide more than a "mere scintilla of evidence" to survive a motion for summary judgment. <u>Mendoza v.</u>

3

Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc) (citation and quotation omitted).

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is "not implicated by a negligent act of an official causing unintended loss of . . . property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis omitted). The Fourteenth Amendment's Due Process Clause and Fifth Amendment's Due Process Clause prohibit the same activity, with the Fifth Amendment simply applying to federal officials, rather than state officials. See Dusenberry v. United States, 534 U.S. 161, 167 (2002).

In Bivens, the Supreme Court held that an implied cause of action against federal agents existed for violation of an individual's constitutional rights, under in that particular case, the Fourth Amendment. 403 U.S. at 390-97. The Supreme Court has also recognized that Bivens applies to invidious discrimination under the equal protection component of the Fifth Amendment. See Ashcroft v. Iqbal, __ U.S. __ , 129 S.Ct. 1937, 1948 (2009) (holding that a claim of invidious discrimination under the equal protection component of the Fifth Amendment requires proof that a defendant "acted with discriminatory purpose").

While neither we nor the Supreme Court have considered the viability of a Bivens remedy for deprivation of property claims, subsequent to the Supreme Court's

ruling in <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214 (2008), this issue need not be resolved because even assuming <u>arguendo</u> that a <u>Bivens</u> action can lie in the instant context, Phillips's claim still fails. Phillips presented no evidence, beyond conclusory allegations, to demonstrate that Smith intentionally deprived him of his property. While he claimed that Smith's intent could be inferred from his alleged lies concerning various matters, he presented no evidence to show that Smith intended to deprive him of his property. Moreover, neither the magistrate nor the district court were in a position to weigh witness credibility during summary judgment, and Phillips presented no evidence of Smith's intent beyond conclusory allegations. On the contrary, Smith presented the statements of a number of witnesses and documentary evidence to back his version of the relevant events. Smith said that he never intended to deprive Phillips of his property and never stole or directed others to steal it, which was similarly averred by other individuals.

In sum, Phillips failed to create a genuine issue of material fact with regard to the dispositive issue of Smith's intent, by failing to provide evidence from which a reasonable jury could find that Smith intentionally acted to deprive Phillips of his property without due process. Accordingly, the district court properly granted summary judgment to Smith on Phillips's <u>Bivens</u> claim, and we affirm.

Next, we find no merit in Phillips's claim that the district court violated Fed.R.Civ.P. 72 by failing to consider his objections to the magistrate's report and recommendation. "Where an appellant notices the appeal of a specified judgment only, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (alteration, citation, and quotation omitted). "[E]xcept in certain types of cases, this circuit has recognized that since only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." Barfield v. Brierton, 883 F.2d 923, 930 (11th Cir. 1989) (citation omitted). However, no intent to appeal from an order that had not yet been entered when the notice of appeal was filed can be ascertained, because the intent to appeal that future order was not apparent, and review on the merits would prejudice the other party. McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986); see also LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 836-38 (11th Cir. 1998) (holding that a notice of appeal from an order granting summary judgment could not cover a subsequent order awarding attorney's fees, when the notice of appeal was filed before the motion requesting attorney's fees). A notice of appeal must designate an existent judgment or order, not one that is merely expected or that is, or should be, within the

appellant's contemplation when the notice of appeal is filed. <u>Bogle v. Orange County Bd. of County Comm'rs</u>, 162 F.3d 653, 661 (11th Cir. 1998).

Here, Phillips filed his notice of appeal before the district court ruled on his motions concerning his lack of an opportunity to object to the magistrate's report and recommendation. His notice of appeal could not have clearly intended to challenge the determination that any objections he filed to the magistrate's report were untimely, as the notice of appeal was filed before the district court so ruled. <u>See</u> <u>McDougald</u>, 786 F.2d at 1474; <u>see also</u> <u>LaChance</u>, 146 F.3d at 836-38; <u>Bogle</u>, 162 F.3d at 661. The determination he seeks to challenge also related to motions filed after the summary judgment order he designated in his notice of appeal, which means that the unresolved motions are not drawn up for appeal by the mention of that order. Therefore, we lack jurisdiction to consider Phillips's claim concerning the district court's failure to consider his objections, and we dismiss his appeal in this respect.

Finally, we reject Phillips's claim -- raised for the first time on appeal -- that the district court improperly dismissed his state law conversion claim when it properly rested upon federal diversity jurisdiction. "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1340 (11th Cir. 2011) (citations omitted). As a general rule, in a civil case we will not

7

consider an issue on appeal that was not raised before the district court. See BUC Intern. Corp. v. Int'l Yacht Council Ltd., 489 F.3d 1129, 1140 (11th Cir. 2007). However, "subject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citation and quotation omitted).

To the extent we review Phillips's diversity argument because it raises a jurisdictional issue, it is meritless. He failed to base his Florida state law conversion claim upon diversity jurisdiction before the district court, he explicitly based his Bivens claim on federal question jurisdiction, and he explicitly based his conversion claim on supplemental jurisdiction thereto. Insofar as the district court made an implicit determination that Phillips failed to meet his burden to show diversity jurisdiction for his conversion claim, by dismissing it pursuant to its discretionary supplemental jurisdiction authority, it did not err. See Molinos, 633 F.3d at 1340 (burden on party seeking jurisdiction). Phillips failed to allege that he and Smith were domiciled in different states and he failed to invoke diversity jurisdiction as the jurisdictional basis for his conversion claim. He, therefore, failed to meet his burden to demonstrate diversity jurisdiction by a preponderance of the evidence. See id. Accordingly, we affirm.

**AFFIRMED IN PART, DISMISSED IN PART.**