[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11918
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02894-TCB


VALERIE DIAMOND,

                                                        Plaintiff-Appellant,

versus

MORRIS, MANNING & MARTIN, LLP,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 8, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Appellant Valerie Diamond appeals the district court's order granting summary judgment in favor of Appellee Morris, Manning & Martin, LLP (MMM), in her suit for retaliation brought pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a). Diamond, an African-American and former employee of MMM, alleged that she was placed on probation and subsequently terminated because she complained to her paralegal supervisor, Judith Nave, about Nave's alleged discriminatory practice of assigning preferential work projects to white paralegals. On appeal, Diamond argues the district court erred in finding that she had not engaged in activity protected from employer retaliation when she complained to Nave about the alleged discrimination.

We review a district court order granting summary judgment *de novo*, "applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the non-moving party." *Houston v. Williams*, 547 F.3d 1357, 1361 (11th Cir. 2008). Summary judgment requires the movant to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmoving party cannot create a genuine issue of material fact

through speculation or conjecture. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

"To establish a claim of retaliation under Title VII or section 1981, a plaintiff must prove that [she] engaged in statutorily protected activity, [she] suffered a materially adverse action, and there was some causal relationship between the two events." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (citation omitted). A plaintiff engages in statutorily protected activity when she opposes an employment practice that she has a good faith, reasonable basis to believe is unlawful. *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (citation and quotation omitted). "A plaintiff must not only show that [s]he *subjectively* (that is, in good faith) believed that [her] employer was engaged in unlawful employment practices, but also that [her] belief was *objectively* reasonable in light of the facts and record presented." *Id.* (citation and quotation omitted). The reasonableness of a plaintiff's belief that her employer "engaged in an unlawful employment practice must be measured against existing substantive law." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2010) (citation omitted).

To establish a prima facie case of racial discrimination under Title VII or § 1981,[1] a plaintiff must show that "(1) [she] belongs to a racial minority; (2) [she] was subjected to adverse job action; (3) [her] employer treated similarly situated employees outside [her] classification more favorably; and (4) [she] was qualified to do the job." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (citations omitted). Diamond argues that she reasonably believed Nave had violated Title VII and § 1981 by distributing billable and otherwise desirable work projects to white paralegals, while giving non-billable and problematic work projects to black paralegals. In her deposition testimony, however, when asked whether Nave assigned non-billable work to white paralegals, Diamond answered, "I don't know of the work that she assigned to white paralegals." Diamond also conceded that Nave could very well have assigned white paralegals non-billable and "problematic" work. Without any knowledge of what work Nave assigned to white paralegals, Diamond could not have reasonably believed that Nave unlawfully discriminated against her by disproportionately distributing billable and more desirable work to similarly situated white paralegals. Accordingly,

---

[1] "Title VII and § 1981 have the same requirements of proof and utilize the same analytical framework." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.14 (11th Cir. 2011). Diamond's briefs do not identify any other possible anti-discrimination laws MMM might have violated through Nave's distribution of work projects.

4

Diamond's deposition testimony indicates she did not have an objectively reasonable belief that Nave was engaged in unlawful racial discrimination.

In addition to her deposition testimony, Diamond cites the affidavit of Ludmilla Mikki Anglade, the other black paralegal at MMM under Nave's supervision, as establishing that her belief Nave discriminated against black paralegals was objectively reasonable. Anglade states in the affidavit that "Nave removed [Anglade] from work projects, on more than one occasion, and that [her] projects were given to white Corporate Paralegals." Anglade also states that she received "large amounts of non-billable work from Ms. Nave, who controlled workflow for the Corporate Paralegals." Anglade does not, however, claim that the work projects Nave took from her were billable or otherwise more desirable than other work projects, nor does she claim that white paralegals did not receive similar amounts of non-billable work from Nave. Nothing in Anglade's affidavit could give rise to an objectively reasonable belief that Nave engaged in unlawful discrimination through the distribution of work projects.

Diamond also argues that regardless of whether her complaint to Nave constituted protected activity, the district court erred in failing to consider that she subsequently made a separate complaint about Nave's alleged discrimination to Vanessa Goggans, MMM's human resources partner. The communication to

Goggans, Diamond contends, was protected, such that MMM should be held liable for retaliating against her for it. Assuming Diamond timely raised the issue of the complaint to Goggans, which MMM disputes, the complaint to Goggans – just like the complaint to Nave – is statutorily protected from employer retaliation only if Diamond's belief that she was complaining about unlawful discrimination was objectively reasonable. While Diamond repeatedly claims that her complaint to Goggans "was indisputably an expression of statutorily protected activity," she fails to identify any evidence that would give rise an objectively reasonable belief that MMM had engaged in unlawful discrimination.

Accordingly, we find that the district court did not err in granting summary judgment in favor of MMM on Diamond's retaliation claim.

**AFFIRMED.**