[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14021
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00050-RH-CAS

LINCOLN LANE ADDLEMAN, JR.,

Plaintiff-Appellant,

versus

FLORIDA ATTORNEY GENERAL,

Defendant,

MCMILLIAN,
Detective,
LEON COUNTY SHERIFF DEPARTMENT,
HUSKEY,
Detective,
LAKE COUNTY SHERIFF'S OFFICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 1, 2019)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Lincoln Addleman, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint.  Addleman primarily argues that the district court erred in dismissing his complaint because he sufficiently alleged that Florida's Sexual Offender Act, Fla. Stat. § 943.0435, violates the *Ex Post Facto* Clause of the United States Constitution and his substantive due process rights under the Fourteenth Amendment.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).  Under § 1915(e)(2)(B)(ii), a district court shall dismiss a case in which the plaintiff is proceeding *in forma pauperis* if the complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Although this Court liberally construes a *pro se* litigant's filings, we will not "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).  In evaluating any litigant's arguments on appeal, we are constrained, of course, by prior binding precedent until it is overruled by the Supreme Court or by our Court sitting *en banc*.  *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1255 (11th Cir. 2017) (citation omitted).

2

The registration law relevant to this appeal—Florida's Sexual Offender Act—requires an individual convicted of a qualifying offense to register with the local sheriff's office within 48 hours of establishing a permanent or transient residence in Florida. Fla. Stat. § 943.0435(2)(a). The Act does not provide for a hearing before a person is deemed a sex offender under Florida law—the triggering fact is the prior conviction itself. *See generally* § 943.0435.

The district court here did not err when it *sua sponte* dismissed Addleman's complaint because Addleman's arguments concerning Florida's Sexual Offender Act are foreclosed by precedent. *See Evans*, 850 F.3d at 1255. First, to Addleman's assertion that the Act violates the *Ex Post Facto* Clause by impermissibly "retak[ing]" his civil rights when he has already been paroled, this Court has determined that Florida's Sexual Offender Act registration requirement is nonpunitive and does not violate the *Ex Post Facto* Clause.[1] *See Houston v. Williams*, 547 F.3d 1357, 1364 (11th Cir. 2008). The Supreme Court similarly has determined that the retroactive application of Alaska's Sex Offender Registration Act, which, like Florida's Act, requires a sex offender to register with law

---

[1] Addleman also challenges Florida's Sexual Predator Act, but this Act does not apply to him: Addleman was convicted of statutory rape in 1979 and the Sexual Predator Act applies only to offenses committed after October 1, 1993. *See* Fla. Stat. § 775.21(4)(a). Addleman cannot establish standing to challenge this Act because he does not allege that he was required to submit to its requirements or that he suffered any other type of injury related to the Act. *See Tanner Adver. Grp., LLC v. Fayette Cty.*, 451 F.3d 777, 791 (11th Cir. 2006) (*en banc*).

3

enforcement, does not violate the *Ex Post Facto* Clause.  *See Smith v. Doe*, 538 U.S. 84, 105–06 (2003).

Addleman's substantive due process claim that Florida's Sexual Offender Act curtails his "civil right of travel" is also foreclosed by binding precedent because this Court previously has held that the Act does not unreasonably burden a sex offender's right to travel.[2]  *See Doe v. Moore*, 410 F.3d 1337, 1348–49 (11th Cir. 2005).

Accordingly, the district court did not err in *sua sponte* dismissing Addleman's complaint.

**AFFIRMED**.

---

[2] Addleman also raises a procedural due process claim, however, this claim is waived because he raises it for the first time on appeal.  *See Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009).