[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11731

Non-Argument Calendar

_____

LOUIS MATTHEW CLEMENTS,

Plaintiff-Appellant,

*versus*

GOVERNOR, STATE OF FLORIDA,
ATTORNEY GENERAL, STATE OF FLORIDA,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
COMMISSIONER OF THE FLORIDA DEPARTMENT OF LAW
ENFORCEMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00024-AW-MAF

———————————————

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Louis Clements appeals from the district court's sua sponte dismissal of (1) his claims challenging Fla. Stat. Ann. § 741.0405 without prejudice for lack of standing and (2) his claims challenging Florida's sex-offender-registration scheme, Fla. Stat. Ann. §§ 943.0435 and 775.21, with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1).  Clements argues on appeal that the district court erred in dismissing his case for lack of standing because he suffered a cognizable injury in fact that the district court could have remedied.  He also argues that the district court erred in dismissing his complaint for failure to state a claim because it alleged sufficient facts to show that the relevant Florida statutes violated various constitutional provisions.  We'll address each argument in turn.

The facts are known to the parties, and we repeat them here only as necessary to resolve the case.[1]

---

[1] We review a district court's dismissal for lack of standing de novo.  *Scott v. Taylor*, 470 F.3d 1014, 1017 (11th Cir. 2006).  We also review a district court's sua sponte dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1) de novo.  *Christmas v. Nabors*, 76 F.4th 1320, 1328 (11th Cir. 2023).

23-11731               Opinion of the Court                    3

## I

"Article III [of the U.S. Constitution] grants federal courts the 'judicial Power' to resolve only 'Cases' or 'Controversies.'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting U.S. Const. art. III, §§ 1–2). "As a result, federal courts may exercise their power only for 'the determination of real, earnest, and vital controversy between individuals.'" *Id.* (quoting *Chicago & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892)). To demonstrate standing, a plaintiff must show three elements: "[T]he plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "An injury in fact consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). "A 'concrete' injury must be '*de facto*'—that is, it must be 'real, and not abstract.' . . . A 'particularized' injury 'must affect the plaintiff in a personal and individual way.'" *Id.* (citation omitted) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016)).

A Florida statute that was repealed in 2018 addressed when a "marriage license may be issued to persons under 18 years" as follows:

---

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Id.*

> If either of the parties shall be under the age of 18 years but at least 16 years of age, the county court judge or clerk of the circuit court shall issue a license for the marriage of such party only if there is first presented and filed with him or her the written consent of the parents or guardian of such minor to such marriage.

Fla. Stat. Ann. § 741.0405(1) (repealed 2018). It also stated,

> When the fact of pregnancy is verified by the written statement of a licensed physician, the county court judge of any county in the state may, in his or her discretion, issue a license to marry: . . . To any female under the age of 18 years and male over the age of 18 years upon the female's application sworn under oath that she is an expectant parent.

*Id*. § 741.0405(3)(b) (repealed 2018).

Clements's arguments against § 741.0405 fail to establish standing because he cannot satisfy either the injury-in-fact prong or the redressability prong. First, as to injury in fact, nowhere in Clements's operative complaint did he state how he met either of the statutory provisions that would have allowed him to marry a minor. He didn't indicate that the crime for which he pleaded guilty involved a minor who was at least 16 years old and had parental consent to marry. Nor did he allege that he had impregnated a minor under the age of 18 while he was over the age of 18. Because Clements didn't fit the statutory provisions, he cannot show he was injured by this section of the Florida statute. Additionally,

even if he could have shown that he met the statutory factors, the contention that he could have married the victim is purely speculative, and so the alleged injury cannot meet the injury-in-fact standard. *See Trichell*, 964 F.3d at 996.

Regarding redressability, Florida repealed § 741.0405 in 2018. This means that the district court could provide no redress to remedy any injury that might have been caused by the provision. It also couldn't provide redress for Clements's conviction or sentence because he challenged neither of those.

Because Clements can't meet either the injury-in-fact or redressability requirements necessary to show Article III standing, the district court didn't err in dismissing his claim challenging § 741.0405 for lack of standing. *See Trichell*, 964 F.3d at 996.

## II

When a plaintiff files a civil action under the Prison Litigation Reform Act, the district court must review it and dismiss the filed complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). We apply the standards of Federal Rule of Civil Procedure 12(b)(6) in reviewing dismissals under § 1915A(b)(1) for failure to state a claim. *Christmas*, 76 F.4th at 1328. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). A complaint need not have "detailed factual allegations, but it" must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quotation marks and citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citation omitted). A complaint also fails "if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (quotation marks and citation omitted).

Clements's operative complaint asserted a variety of challenges to Florida's sex-offender registration scheme, Fla. Stat. Ann. §§ 943.0435 and 775.21, including broad allegations that they violated the Fourth, Fifth, Sixth, and Fourteenth Amendments as well as the Bill of Attainder and Ex Post Facto Clauses. U.S. Const. art. I, § 9, cl. 3.

All of Clements's constitutional contentions except his ex-post-facto argument provided no specific facts as to how §§ 943.0534 and 775.21 violated the Constitution. The challenges under these provisions fail because they amount to nothing more than "labels and conclusions" and "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration in original).

Clements's ex-post-facto challenge had more substance to it. Unfortunately for Clements, we foreclosed that argument in *Houston v. Williams* where we held that Florida's sex-offender registration scheme was regulatory, not punitive, and, thus, did not violate the Ex Post Facto Clause. 547 F.3d 1357, 1364 (11th Cir. 2008) (citing *Smith v. Doe*, 538 U.S. 84, 105-06 (2003)).

### III

The district court did not err in sua sponte dismissing Clements's complaint because he lacked standing with respect to his claims challenging § 741.0405 and because his claims challenging §§ 943.0435 and 775.21 failed to state a claim.

**AFFIRMED.**