[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13253
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-02194-AT


JOSEPH DINGLER,
on behalf of himself and all persons similarly situated,

Plaintiff - Appellant,

ASHTON DINGLER,

Plaintiff,

versus

STATE OF GEORGIA,
GA DIV. OF FAMILY & CHILDREN SERVICES,
DIR. BOBBY CAGLE,
DFCS,
FULTON COUNTY GEORGIA, FAMILY COURT,
CATHELENE TINA ROBERSON,
Clerk,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 23, 2018)

Before MARCUS, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Joseph Dingler ("Plaintiff") filed a petition in Georgia state court to legitimize himself as the father of his unborn child and to appoint a guardian ad litem. At the same time, Plaintiff, proceeding *pro se*, filed a federal complaint on behalf of himself, his unborn child, and a class of unborn children against the state of Georgia, the Georgia Division of Family and Children Services, the Division's director, Fulton County Family Court, and the court's clerk. Plaintiff alleged that, in violation of Georgia state law, the Georgia Constitution, and the United States Constitution, he had been deprived of access to state courts, his ability to assert his parental interest in his unborn child, and a guardian ad litem. The district court dismissed Plaintiff's complaint *sua sponte* for being frivolous under 28 U.S.C. § 1915 and denied Plaintiff's post-judgment motions challenging the court's dismissal. Now, on appeal, Plaintiff argues that dismissing his complaint violated

2

his constitutional rights, among other errors.  We disagree and **AFFIRM** the district court.

## I.    BACKGROUND

According to Plaintiff's complaint, Plaintiff impregnated a woman to whom he was not married in late 2016.  Around May 2017, Plaintiff became concerned over the unborn child's safety and sought to legitimize himself as the child's father.  At the same time, he also sought to have a guardian ad litem appointed to prevent the mother from having an abortion or putting the child up for adoption.

In the process of filing his petition for legitimization and a guardian ad litem, Plaintiff was given conflicting information over what Georgia court or agency he should file his petition with.  Eventually, Plaintiff was told by the Georgia Division of Family and Children Services that it had no authority to legitimize Plaintiff as the child's father or to appoint a guardian ad litem because the child had not been born yet.  On May 22, Plaintiff filed a petition for an emergency hearing in Fulton County Superior Court to address both issues.

While his state court action was still pending, Plaintiff, proceeding *pro se*, filed a lawsuit in the federal district court against the State of Georgia, the Georgia Division of Family and Children Services, the Division's director Bobby Cagle, Fulton County Family Court, and court clerk Cathlene Tina Robinson.  Plaintiff

3

asserted claims on behalf of himself, his unborn child, and a class of unborn children including "all 'persons' . . . . over the 28 week age of viability."  Plaintiff sought a writ of mandamus "requiring [the defendants] to provide effective remedy" for alleged violations of the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, unspecified articles of the Georgia Constitution, and O.C.G.A. § 19-7-5, which requires certain persons and entities to report child abuse.  Plaintiff also sought declaratory relief and injunctive relief for alleged violations of both his, his unborn child's, and the class's rights under the First, Sixth, and Fourteenth Amendments of the United States Constitution and paragraphs I, II, and XIV of Article I, § I of the Georgia Constitution.

Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, and the district court granted the motion.  Pursuant to 28 U.S.C. § 1915(e)(2)(b)(i),[1] the district court determined that Plaintiff's complaint was frivolous and dismissed it *sua sponte* before the complaint was served on the defendants.  The court also entered an order of final judgment.

Plaintiff then filed a motion for reconsideration, a motion to amend the complaint, a motion for an emergency preliminary injunction, and a motion for the

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).

appointment of a guardian ad litem.  The district court denied Plaintiff's motion for reconsideration and denied the remaining motions as moot.  Plaintiff filed a timely appeal under 28 U.S.C. § 1291.

## II.    STANDARD OF REVIEW

We review questions of constitutional law *de novo*.  *United States v. Ward*, 486 F.3d 1212, 1221 (11th Cir. 2007).  We review for abuse of discretion a district court's dismissal of a complaint under § 1915(e)(2), *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001), dismissal of a declaratory judgment claim, *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014), and denial of a reconsideration motion under Rule 59(e), *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009).

## III.    DISCUSSION

On appeal, Plaintiff challenges the dismissal of his complaint in two ways: (1) by attacking § 1915(e)(2)(B)(i)'s constitutionality and (2) by challenging the district court's application of § 1915(e)(2)(B)(i) to a non-prisoner, as well as the court's frivolity determination in general.  Plaintiff also contends that the district court erred by denying his Rule 59(e) motion to alter or amend the judgment and his motion to amend the complaint.  Before turning to these issues, we note that we consider only Plaintiff's claims raised on his own behalf because a non-attorney

5

*pro se* litigant cannot bring any action on behalf of his or her child.  *Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997).

### A.    The District Court's Application of Section 1915(e)(2)(B)(i) to Plaintiff was Constitutional

Plaintiff begins by challenging § 1915(e)(2)(B)(i) as violating his right of access to the courts, violating the Equal Protection Clause by treating indigent plaintiffs differently than plaintiffs who pay filing fees, and constituting an unconstitutional bill of attainder.  This Court has already rejected the proposition that a functionally identical subsection of the same statute violates indigent plaintiffs' right of access to the courts and the Equal Protection Clause.  *See Farese v. Scherer*, 342 F.3d 1223, 1227 n.5 (11th Cir. 2003) (holding that due process and equal protection challenges to § 1915(e)(2)(B)(ii) were "without merit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) ("[S]ection 1915(e)(2)(B)(ii) . . . does not violate the Equal Protection Clause . . . . [and *sua sponte* dismissal] did not deny Plaintiff due process.").[2]  Because Plaintiff's challenges to § 1915(e)(2)(B)(i) are the same, we must reject them as well.

---

[2]  Unlike § 1915(e)(2)(B)(i), which commands courts to dismiss "frivolous or malicious" actions, § 1915(e)(2)(B)(ii) states that courts shall dismiss actions that "fail[ ] to state a claim on which relief may be granted."  For the purposes of Plaintiff's arguments, the two subsections are functionally identical because both require *sua sponte* dismissal of unpaid complaints.

Next, Plaintiff contends that § 1915(e)(2)(B)(i) violates the Constitution's prohibition on bills of attainder. *See* U.S. Const., Art. I, § 9, cl. 3 ("No Bill of Attainder . . . shall be passed."). "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" *Houston v. Williams*, 547 F.3d 1357, 1364 (11th Cir. 2008) (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977)).[3] To qualify as an unconstitutional bill of attainder, the statute must have three characteristics: "specification of the affected persons, punishment, and lack of a judicial trial." *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 846–47 (1984). "[O]nly the clearest proof . . . suffice[s] to establish the unconstitutionality of a statute on such a ground." *Communist Party of U.S. v. Subversive Activities Control Bd.*, 367 U.S. 1, 83 (1961) (quoting *Flemming v. Nestor*, 363 U.S. 603, 617 (1960)).

Section 1915(e)(2)(B)(i) is not a bill of attainder, because it does not impose punishment. To the contrary, it furthers "the government's legitimate interests in deterring meritless claims and conserving judicial resources." *Vanderberg*, 259 F.3d at 1324. Because § 1915(e)(2)(B)(i) "furthers the non-punitive goal of

---

[3] Historically, bills of attainder were also known as "bills of pains and penalties" if they "prescribed a penalty short of death." *United States v. Brown*, 381 U.S. 437, 441 (1965). The Constitution prohibits all bills of attainder, "of any form or severity." *Id.* at 447.

7

allocating resources, and no intent to punish can be established from the record,"

Plaintiff's argument "has no merit." *Houston*, 547 F.3d at 1364.[4]

> **B.    The District Court did not Abuse its Discretion by Dismissing the Complaint Without Opportunity to Amend and Denying Plaintiff's Motion to Alter or Amend the Judgment**

Plaintiff challenges the dismissal of his complaint in two ways.  First,

Plaintiff contends that the district court erred by applying § 1915(e)(2)(B)(i) to a

non-prisoner.  Yet it plainly applies to anyone proceeding *in forma pauperis*,

"prisoners and non-prisoners alike." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir.

1999); *see also Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding "no

error in the district court's dismissal of [a non-prisoner's] complaint" under

§ 1915(e)).

Second, Plaintiff argues generally that the district court abused its discretion

by dismissing his complaint and not allowing him an opportunity to amend.

Notably, Plaintiff does not argue that his claims were not frivolous on the merits or

that amendment would correct his original complaint's flaws, but instead accuses

---

[4]  Plaintiff also suggests in a single sentence of his brief that an unspecified Georgia law "'attains' unwed biological fathers."  But "passing references" alone are insufficient to properly preserve an issue for appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  Thus, we do not consider this issue.

8

the district court of class-based and political bias.[5] The record, however, reveals no trace of bias or even a scintilla of evidence to support Plaintiff's accusations.

Plaintiff also suggests that the district court may have applied a heightened pleading standard. Yet the district court acknowledged the liberal pleading standard applied to *pro se* litigants. *Trawinski v. United Tech.*, 313 F.3d 1295, 1297 (11th Cir. 2002). And we discern nothing in the district court's orders that suggests it may have implicitly applied a higher standard.

Further, although "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). "[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." *Singh v. U.S. Attorney Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (a claim raised on appeal "in a perfunctory manner without supporting arguments and authority" is considered abandoned). Thus, Plaintiff abandoned any contention that his claims

---

[5] The closest Plaintiff comes to addressing the actual merits of the district court's frivolity determination is a single sentence—in the middle of his equal protection challenge—when he states that he "believes, although inartful, [that] he has satisfied both [frivolity] prongs."

9

themselves were not frivolous on their merits and that his amended claims would have cured any defects.

For this same reason, Plaintiff also abandoned any argument that the district court abused its discretion by denying his Rule 59(e) motion to alter or amend the judgment.  Plaintiff's mere statement of the standard of review for such a motion—without more—is insufficient to preserve it for appeal.  *See Singh*, 561 F.3d at 1278–79; *Sapuppo*, 739 F.3d at 681.

## <u>CONCLUSION</u>

For the reasons stated above, we **AFFIRM** the district court.